UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER HEWITT ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1197** |
| **NOBLE DRILLING US, LLC ET AL.** | **SECTION: "H"(5)** |

## ORDER AND REASONS

Before the Court is Defendant Frank's International, LLC's Motion for Summary Judgment (Doc. 151). For the following reasons, the Motion is GRANTED, and the claims against Frank's International, LLC are DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiff Walter Hewitt filed this suit alleging that he was injured while working aboard a drilling vessel, the FRONTIER DRILLER,[1] when a gust of wind caused the lid of a tool box to close on his head. At the time, Plaintiff was employed as a member of a casing crew by Defendant Frank's International, LLC ("Franks"). The FRONTIER DRILLER was owned by Defendant Noble

---

[1] Also referred to in briefings as the NOBLE DRILLER.

1

Drilling U.S., LLC ("Noble") and operated by Defendant Shell Offshore, Inc. ("Shell"). Plaintiff alleges that the tool box lacked certain safety measures, specifically a hydraulic closure system, which would have prevented it from closing on his head. Plaintiff's only remaining claim is for negligence under 33 U.S.C. § 905(b) of the Longshore Harbor Worker's Compensation Act (LHWCA) against Franks. Defendant Franks has moved for summary judgment on this claim.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish

---

[2] Fed. R. Civ. P. 56(c) (2012).
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).
[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Under 33 U.S.C. § 905(b) of the LHWCA, an injured worker may bring a claim against a vessel owner for vessel negligence. Plaintiff has brought an LHWCA claim against his employer Franks. Franks alleges that Plaintiff cannot succeed on this claim because Franks did not own the FRONTIER DRILLER aboard which Plaintiff was injured. Plaintiff has offered no evidence to the contrary. It has been undisputed in this matter that the FRONTIER DRILLER was owned by Noble and operated by Shell. Accordingly, Plaintiff cannot succeed on a § 905(b) claim against Franks.

---

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## **CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment is GRANTED, and Plaintiffs' LHWCA claim against Franks is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 17th day of May, 2016.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**